UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUSAM BAYDOUN,

          Plaintiff,

v,
                                    CASE NO. 2:26-CV-11721
                                    HON. JONATHAN J.C. GREY

WALSH, et al.,

          Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

## I.    INTRODUCTION

Michigan prisoner Housam Baydoun ("Baydoun"), currently confined at the Macomb Correctional Facility in Lenox Township, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted him leave to proceed without prepayment of the filing fee for this action. In his complaint, Baydoun alleges that prison officials improperly confiscated two J-P-6 tablets from him, that the tablets contained legal drafts, and further that defendants conspired against him and threatened to transfer him to a prison up north in retaliation for successfully contesting a misconduct charge. He raises claims concerning

the confiscation of his property, conspiracy, and retaliation and asserts violations of his federal constitutional rights and state tort law. He names Prison Counselor Walsh, Inspector Dalton, and Corrections Officer Montgomery as defendants and seeks the return of his property and monetary damages.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity.

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint against government entities, officers, and employees if it determines that the complaint is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege facts indicating that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–336 (1986).

## III. ANALYSIS

With the foregoing standards in mind, the Court concludes that Baydoun's complaint is subject to summary dismissal in part. First, Baydoun fails to state a claim upon which relief may be granted under § 1983 concerning the confiscation of his personal property (including legal documents). The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Baydoun neither alleges nor establishes that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. A prisoner may: (1) petition the Prisoner Benefit Fund for compensation, MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013); (2) submit a claim for property loss of less than

5

$1,000 to the State Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013); and/or (3) bring a tort or contract action in the Court of Claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has ruled that Michigan provides adequate post-deprivation remedies for property loss. *See Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Baydoun thus fails to state a viable claim under § 1983 concerning the confiscation of his personal property.

Second, Baydoun fails to state a conspiracy claim in his complaint. He appears to allege that the defendants conspired to confiscate his personal property and/or retaliate against him. To state a conspiracy claim under § 1983, a plaintiff must allege facts which show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943–944 (6th Cir. 1985); *see also Memphis,*

6

*TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity.

In this case, Baydoun's conspiracy claim is vague and conclusory. It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009), including a conspiracy claim. *Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Baydoun fails to allege sufficient facts to state a conspiracy claim in his complaint.

Third, Baydoun's complaint against the defendants must be dismissed, in part, based on immunity to the extent that he sues the defendants in their official capacities. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v.*

*Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," other than claims for prospective injunctive relief. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are employees of the Michigan Department of Corrections ("MDOC"), and thereby the State of Michigan, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Baydoun's claims for monetary damages, or any relief other than prospective injunctive relief, against the defendants in their official capacities must therefore be dismissed.

Finally, the Court finds that Baydoun's retaliation claim and his pendant state law claims are not subject to summary dismissal. While Baydoun may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Baydoun fails to state a claim upon which relief may be granted under § 1983 as to his claims concerning the confiscation of his personal property and conspiracy. Accordingly, the Court **DISMISSES** Baydoun's §1983 claims from this action.

The Court further concludes that the defendants, as state employees, are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** Baydoun's claims for monetary damages, or any relief other than prospective injunctive relief, against the defendants in their official capacities.

Additionally, the Court concludes that Baydoun states a potential federal retaliation claim and may state a potential state law tort claim

against the defendants such that those claims survive the Court's initial

screening process and are not subject to dismissal at this time.

    **SO ORDERED.**

                           **s/Jonathan J.C. Grey**
                           JONATHAN J.C. GREY
                           United States District Judge

Dated: July 10, 2026

10

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2026.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager